UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-602-RLV
(3:04-cr-277-RLV-1)

| | |
|---|---|
| LAVERN JUNIOR JACOBS, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
|    vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1.) Also before the Court is Petitioner's Motion for Appointment of Counsel. (Doc. No. 3.)

**I.**     **RELEVANT BACKGROUND**

On October 19, 2004, a Bill of Information was filed charging Petitioner with the unlawful possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:04cr277, Doc. No. 1.) On July 29, 2005, a jury convicted Petitioner of the firearm charge. (Id. at Doc. No. 28.) His case was referred to the U.S. Probation Office for preparation of a presentence report ("PSR"). In the PSR, the probation officer concluded that Petitioner qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on ten (10) North Carolina state convictions for breaking and entering. (Id. at Doc. No. 60.)

On March 1, 2006, the Court conducted Petitioner's sentencing hearing and sentenced him as an armed career criminal to 288 months in prison. (Id. at Doc. No. 33.) Thereafter, the

1

Fourth Circuit Court of Appeals affirmed the Court's Judgment.  See United States v. Jacobs, 221 F. App'x 205, 2007 WL 731402 at *2 (4th Cir. Mar. 9, 2007) (unpublished).

On March 10, 2008, Petitioner filed a § 2255 motion to vacate his conviction, which this Court denied and dismissed on December 6, 2010.  (Crim. Case No. 3:04cr277, Doc. Nos. 50, 52; Civil Case No. 3:08cv99).  Petitioner filed a second § 2255 motion on April 22, 2013, arguing that pursuant to the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he was entitled to relief from his sentencing enhancement based on his designation as a career offender.  (Civil Case No. 3:13cv263, Doc. No. 1.)  The Court dismissed Petitioner's second § 2255 motion as an unauthorized, successive motion under 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  (Id. at Doc. No. 2.)

On June 25, 2016, Petitioner placed a motion seeking authorization to file a successive § 2255 motion in federal district court in the prison mail system.  In re: Lavern Jacobs, No. 16-9894 (4th Cir.), Doc. No. 2.  The Fourth Circuit granted the motion on August 2, 2016, and transferred Petitioner's application for post-conviction relief to this Court.  (Civil Case No. 3:16cv602-RLV, Doc. Nos. 1-1, 1-2.)  It was docketed here on August 4, 2016.

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion.

## III.  DISCUSSION

Petitioner's sole claim is that he is entitled to relief from his designation as an armed

career criminal under § 924(e) because his North Carolina convictions for breaking and entering no longer qualify as violent felonies under the ACCA following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Under the ACCA, a defendant convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B)(i)(ii) (emphasis added). The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause. See Johnson, 135 S. Ct. at 2556.

In Johnson, the Court held that the ACCA's residual clause is unconstitutionally vague. Id. at 2558. Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. In Welch v. United States, the Supreme Court held that the ruling in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Petitioner, however, cannot obtain relief under Johnson. According to Fourth Circuit precedent, Petitioner's North Carolina convictions for breaking and entering meet the generic definition of burglary under the ACCA. See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina breaking and entering categorically qualifies as burglary

3

under 18 U.S.C. § 924(e)(2)(B)(ii)).  The Johnson decision left intact the application of the ACCA to the four offenses enumerated in the statute – burglary, arson, extortion, or use of explosives – as well as "the remainder of the Act's definition of a violent felony."  Id., 135 S. Ct. at 2563.

Thus, even after Johnson, Petitioner has at least three prior convictions that qualify him for the ACCA sentencing enhancement.  Consequently, his § 2255 Motion to Vacate fails and will be dismissed.

As for Petitioner's motion to appoint counsel, in § 2255 actions, appointment of counsel is governed by Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings, which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing.  Id.  There is no constitutional right to the appointment of counsel in a § 2255 proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), but the Court may appoint counsel to a financially eligible habeas petitioner if justice so requires, see 18 U.S.C. § 3006A(a)(2)(B).  Given the Court's finding that Petitioner has no colorable claim under Johnson, appointment of counsel is not appropriate in this case.

**IT IS, THEREFORE, ORDERED THAT:**

1. The § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** with prejudice;

2. Petitioner's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 1, 2016

Richard L. Voorhees
United States District Judge