UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv602-RLV
(3:04cr277-RLV-1)

| | |
|---|---|
| LAVERN JUNIOR JACOBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner Lavern Junior Jacob's pro se motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). (Doc. No. 9.)

**I. BACKGROUND**

On August 4, 2016, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255, seeking relief under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). On October 7, 2016, this Court ordered the Federal Defenders of Western North Carolina ("FDWNC") to review the Motion to Vacate and file either a supplemental motion or brief on Petitioner's behalf or notice that it did not intend to enter an appearance on Petitioner's behalf. (Doc. No. 4.) On October 21, 2016, the FDWNC filed a notice that it did not intend to enter an appearance on Petitioner's behalf. (Doc. No. 5.)

On November 1, 2016, the Court dismissed the Motion to Vacate with prejudice. (Doc. No. 7.) The Clerk of Court entered judgment the same day. (Doc. No. 8.) On January 30, 2017,

1

Petitioner filed the instant motion to reopen the time to file an appeal of the Court's Judgment. (Doc. No. 9.)

## II. DISCUSSION

Ordinarily, a notice of appeal must be filed with the federal district court clerk within 60 days after entry of the judgment or order appealed from, if the United States is a party in the action. Fed. R. App. P. 4(a)(1)(B). Under Rule 4(a)(6), a district court may reopen the appeal period for fourteen days if it finds that: (1) a party entitled to notice of entry of judgment did not receive notice within twenty-one days after judgment, (2) the party moved to reopen the appeal period either within 180 days of judgment or within fourteen days of receiving notice of the judgment, and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Petitioner asserts that he did not receive notice of the entrance of judgment until January 27, 2017, when he inquired about the status of his case with the Clerk of Court. Petitioner notes that on the docket sheet he received from the Clerk's Office, the FDWNC is listed as counsel despite that organization having declined to enter a notice of appearance in this case.

Petitioner is correct. The docket currently reflects that the FDWNC represents Petitioner, which is incorrect. Notice of entrance of judgment was sent electronically to the FDWNC on November 1, 2016. There is nothing in the docket indicating that either the Court's Order dismissing the Motion to Vacate or the Judgment were mailed separately to Petitioner.

Petitioner, therefore, meets the first two requirements of Rule 4(a)(6). Additionally, the Court has reviewed the record in Petitioner's underlying criminal case and finds that Respondent will not be prejudiced by the Court reopening Petitioner's time to appeal. See Rule 4(a)(6).

Petitioner is entitled to have the time to file an appeal reopened pursuant to Federal Rule of Appellate Procedure 4(a)(6).

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Motion to Reopen Time to File Notice of Appeal (Doc. No. 9) is **GRANTED**;

2) The Clerk of Court shall correct the docket to reflect that Petitioner is proceeding pro se; and

3) The Clerk shall mail a copy of this Order, as well as copies of the Order denying the Motion to Vacate, Set Aside or Correct Sentence (Doc No. 7) and the Judgment (Doc. No. 8) to Petitioner at FCI Estill.

Signed: February 13, 2017

Richard L. Voorhees
United States District Judge